UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRANCE TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LYONS, DOUGHTY, )<br>VELDUIS, P.A./P.C., et al., )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-02361 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Plaintiff, a resident of Sterling, Virginia, sues what appears to a law firm that has associated addresses in Ohio, New Jersey, and Delaware. Its formal address of record is unclear. Within the body of the complaint, Plaintiff also lists several federal agencies, including: the United States Special Operations Command, the Federal Bureau of Investigation, the Central Intelligence Agency, the Secret Service, the Internal Revenue Service, and the United States Securities and Exchange Commission. It is unclear if these agencies are intended as defendants or if Plaintiff simply wants them noticed regarding this case. In any event, Plaintiff fails to properly name the defendants and to specify their contact information, as required by D.C. LCvR 5.1(c)(1).

The contents of the complaint fare no better. The allegations are difficult to follow, but it appears that plaintiff takes issue with his treatment by the defendant law firm, and perhaps other law firms, alleging that they were generally disrespectful and threatening, and that they would accept his payment, but then refuse to ultimately file any "federal cases" on his behalf. He also

1

alleges that these firms discriminated against him by failing to offer him employment because he is a Federal Bar Association "appointee." He demands $10 million in damages. Plaintiff faces hurdles here that he cannot overcome.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's complaint falls within this category, failing to provide the defendants or this court with notice of his intended claims or a clear basis for this court's jurisdiction.

To that end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and

the amount in controversy exceeds $75,000. As discussed, a plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff's allegations do not raise any federal question. Although he discusses "discrimination" in passing, "bare assertions" of a "discrimination claim" are "not entitled to be assumed true[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). Indeed, plaintiff's purported involvement in the Federal Bar Association does not constitute membership in a protected class. *See Jianqing Wu v. Special Counsel, Inc.*, 54 F. Supp. 3d 48, 54 (D.D.C. 2014), *aff'd*, No. 14–7159, 2015 WL 10761295 (D.C. Cir. Dec. 22, 2015), *cert. denied*, 579 U.S. 904 (2016). Put differently, federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

And, while plaintiff and the defendant law firm may be of diverse citizenship, it is not entirely clear, because plaintiff has presented several different addresses for that defendant. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed[,]" *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]" *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). Moreover, to the extent that he sues the noted federal agencies, they are not considered "citizens of a state." *Texas v. ICC*, 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584–85 (D.C. Cir. 1993).

Finally, this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). The primary defendant is not located in this District, and to the extent that he intends to sue the federal agencies, he has not presented any allegations against them. Furthermore, none of the acts or omissions giving rise to this case, as far as they can even be understood, occurred in this District.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 19, 2023

                                                            JIA M. COBB
                                      United States District Judge